E. W. KNIGHT *v.* HANNAH TURNER, ETC.

**Appeal—Absence of Bill of Exceptions—Presumption.**

In the absence of a bill of exceptions, the Court of Appeals must presume that the ruling of the court below in refusing to quash the deposition was correct.

**Tquity—Taking Testimony—Failure to Give Notice.**

Where a party had opportunity to cross-examine the witnesses before a master in chancery, and to introduce any witness whom

he desired to examine, he can not be held to have been prejudiced by failure to give him notice of the taking of the testimony in the first instance.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 31, 1873.

OPINION BY JUDGE PETERS:

This suit in equity was brought by the widow and a part of the heirs of Abraham Turner (who died intestate), against the residue of his heirs for a partition of the lands of intestate and assignment of dower to his widow.

Appellant, claiming to be entitled to the share of James Turner, a son and heir of said share, on his motion was made a defendant to the suit and asserted his claim, which was controverted by the brothers and sisters of James Turner on the ground that his father had advanced to him more than the share of each of the other heirs would amount to.

The cause was referred to the master to ascertain the value of the estate of the intestate, both real and personal, the advancement made by him to each of his children, and to report the evidence to the court. After hearing the evidence and reducing the same to writing, the master made out and returned his report to the court, from which it appeared that intestate had advanced more to James Turner than to any of the other children and that the estate which he left would not be sufficient to make the other children equal to the advancements made to James. After the report was filed it appears from the record that appellant filed exceptions to "the Commissioner's report and proof." The exception reads as follows: "E. W. Knight excepts to the depositions herein, and says they ought not to be read against him, because he had no notice of the taking."

This exception was overruled and to that ruling of the court Knight excepted.

A final judgment was then rendered in the cause by which it was decided that Knight was not entitled to any part of the estate on account of the advancements made to James Turner, under whom he claims, by his father; and he has appealed.

The only reason assigned for a reversal of the judgment in the briefs is, that appellant had no notice of the time of taking the evidence by the master.

It is stated in the master's report that notice of the time and place of his sitting and taking the evidence was accepted by the attorneys of the parties. But if appellant was not at that time a party to the suit, it is not certified by a bill of exceptions what evidence was heard on the trial of his exceptions and in the absence of a bill of exceptions this court must presume that the ruling of the court below was correct.

It is true the record shows that on appellant's motion his testimony taken in open court was ordered to be filed, and following that order is copied a statement which purports to be the testimony of Rule, the Master Commissioner, but whether it was heard on the trial of the exceptions to the master's report and the evidence on which it was founded, the record fails to inform us. Waiving that objection, however, and giving to appellant all the benefit of the testimony, still it appears therefrom that the master offered to have the witnesses present at such time as would suit him and offered him the opportunity to examine them and take the evidence of any witnesses that he desired to have taken, all of which he declined to accept. With the opportunity to cross-examine the witnesses of appellees and to introduce any he desired to examine, we do not perceive that he was prejudiced by the failure to give him notice in the first instance. Consequently the judgment must be *affirmed*.

*Knight, Menzies, for appellant.*

*Lee, for appellees.*